Brian J. Smith
Katelyn J. Hepburn
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT 59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
bjsmith@garlington.com
kjhepburn@garlington.com

Attorneys for Plaintiff

CLERK OF DISTRICT COURT
LYN FRICKER

JUN - 1 2018

FILED BY _____
CLERK/DEPUTY

MONTANA TWENTIETH JUDICIAL DISTRICT COURT,
LAKE COUNTY

DEBORAH KIM CHRISTOPHER

| | |
|---|---|
| SORCO, INC. d/b/a SORENSEN TRANSPORT,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC., a Delaware company, and BRESNAN COMMUNICATIONS, LLC, a Delaware company,<br><br>Defendants. | Dept. No. _____<br>Cause No. DV-18-131<br><br>COMPLAINT<br>AND JURY DEMAND<br><br> |

Sorco, Inc., d/b/a Sorensen Transport ("Sorensen"), by and through undersigned counsel of record Garlington, Lohn & Robinson, PLLP, for its claim for relief against the above-named Defendant, hereby alleges as follows:

**PARTIES**

1.  Plaintiff, Sorco, Inc., d/b/a Sorensen Transport is a Montana corporation with a mailing address of 6575 US Highway 10 W, Missoula, Montana, 59801-9086.

Complaint and Jury Demand
2499230

Page 1

2.   Plaintiff is, and at all times relevant herein was, a resident of Missoula County, Montana, engaged in the business of providing trucking services for transport.

3.   Defendant Charter Communications, Inc., ("Charter") is a Delaware corporation that is licensed to do business in Montana with a mailing address of 12405 Powerscourt Drive, Saint Louis, Missouri, 63131.

4.   Defendant Bresnan Communications, LLC, is a Delaware limited liability company licensed to do business in Montana with a mailing address of 12405 Powerscourt Drive, Saint Louis, Missouri, 63131. Bresnan Communications is identified on the accident report as the owner of the vehicle being operated by Charter at the time of this accident.

## JURISDICTION AND VENUE

5.   This Court has jurisdiction over this matter and venue in this Court is proper because a substantial part of the events or omissions giving rise to the claim occurred in Lake County, Montana.

## FACTS

6.   This action arises out of a fatal head-on collision which occurred on December 23, 2016, involving a Charter truck and a Sorensen semi-truck on US Highway 93 North near mile marker 40 south of the Allentown Ninepipes Restaurant.

7.   The collision occurred in the southbound lane between a Sorensen truck that was traveling south from Kalispell to Missoula after delivering its load of fuel and gasoline in the Kalispell area, and a Charter truck driven by a Charter employee who was returning to Lakeside after attending a work-related training in Billings, Montana.

8. The Sorensen driver was well within his hours and was traveling at a reasonable speed southbound at the time of the collision.

9. The Charter driver was driving northbound and operating his vehicle in a reckless manner when he moved into the southbound lane to pass other vehicles in front of him and lost control of the vehicle resulting in a head-on collision with the Sorensen vehicle.

10. In connection with the investigation of the collision, Trooper Zach Miller, MHP 247/ID 1990, described the contributing factors to the accident as follows:

> The factors in this crash have been determined to be the following: Mr. Imhoff [Charter driver] passed when it was unsafe to do so, he drove too fast for the conditions of the road. Furthermore, the Charter driver was also an inexperienced driver having received his license approximately one year prior to the crash (December 1, 2015). The Charter driver also drove in an erratic, reckless, negligent or aggressive manner. Other factors include the front tires of the Charter vehicle having low tread on about half the tire, the road condition being slick or icy, and the light to moderate snowfall at the time of the crash.

Montana Highway Patrol Fatality Report, Dec. 23, 2016.

11. Based on Trooper Miller's assessment, the Charter driver's gross negligence and reckless driving was the sole cause of the collision.

12. Prior to causing the accident, the Charter driver had been attending a work-related training session in Billings, Montana which ended at approximately 10:45 a.m. the day of the accident.

13. The Charter driver left Billings shortly after the training ended and is believed to have been on the road and headed home by 11:00 a.m.

14. The accident occurred at 3:31 p.m. which is approximately four and half

hours after the Charter driver left Billings, Montana.

15. The distance between Billings, Montana and the scene of the accident is 395 miles.

16. This trip should have taken the Charter driver an estimated six hours total under normal circumstances had the Charter driver been abiding by the posted speed limits along the route.

17. The passage of time from when the Charter driver left Billings and caused the head-on collision indicates that he was speeding throughout his journey and it supports the eyewitness testimony summarized in Trooper Miller's report the he was driving aggressively, tailgating and passing at an excessive rate of speed for road conditions.

18. The conduct of the Charter driver described by eye witnesses and by Trooper Miller in the accident report constitutes gross negligence and reckless driving on the part of the Charter driver.

19. The Charter driver's coworker, Stephen James, was at the same training class in Billings and left at approximately the same time, although he arrived at the location of the accident at 5:00 p.m.

20. Had the Charter driver maintained proper speed throughout his journey he should have arrived at approximately 5:00 p.m. as well, rather than 3:30.

21. Sorensen suffered significant loss and damages as a result of the accident caused by the Charter driver.

22. Sorensen was required, at its expense, to send personnel to the scene to

obtain possession of the truck and trailers and to move them to a safe location.

23. Sorensen's truck was a total loss in the accident and as a result Sorensen was required to purchase a new truck. A suitable replacement was not available on the rental market.

24. The Sorensen trailers involved in the accident, which are specialty trailers used to transport gasoline and fuel, needed to be retrieved, inspected, recertified and re-inspected in order to allow the trailers to be safely and lawfully placed back into service.

25. Sorensen was required, at its own expense, to participate in the investigation of the accident, to remove information technology systems from the tractor itself and to remove the electronic control module.

26. Since the date of loss, Sorensen has incurred significant damages due to the loss of use of the truck and trailers which were out of service as a result of the accident.

27. The Sorensen truck involved in the accident was a specialty unit specifically ordered by Sorensen to move gasoline and diesel in tanker-type trailers.

28. Features of this specialty truck include: a fourth axel; a "wet line kit" which is a necessary unit for a hydraulic service required to deliver to and from Sorensen customers; specialized storage boxes and equipment for transportation and storage of hoses, fittings and other items necessary to perform the transportation services offered by Sorensen; and installation of required in-cab electronics.

29. Equivalent trucks with the specialty features noted above are not readily available in the rental market. Sorensen tried to rent a suitable truck and after all due diligence, was unable to locate a replacement truck to rent in place of the damaged unit.

30. Following the accident, Sorensen immediately ordered a replacement vehicle and that vehicle was delivered in April of 2017.

31. The total lost revenue for the period of time it took to replace the truck and trailers is $104,437.11.

32. Sorensen's lost revenue calculations are based on the period of time the Sorensen truck was out of service which included the months of January to April 2017.

33. In addition, Sorensen has incurred damage as a direct result of the accident caused by the Charter driver in the form of a significant increase in its workers' compensation premiums in the amount of $25,738 per year for the next three years which totals $77,214.

## COUNT I – DAMAGE TO PROPERTY

34. The Charter driver's conduct which was the primary cause of the accident and which resulted in significant damage to Sorensen's truck and trailers and injured a Sorensen driver constitutes gross negligence on the part of the Charter driver.

35. Charter's own conduct in failing to maintain its vehicle in a safe and reasonable manner further contributed to the accident which resulted in significant damage and loss to Sorensen.

36. The December 23, 2016 accident is a clear liability accident that Charter is 100% responsible for in connection with the losses incurred by Sorensen.

37. Sorensen incurred significant loss and damages as a direct result of the accident and Sorensen is entitled to all damages and losses incurred as a result of the accident.

38. Further, Sorensen is additionally entitled to attorneys' fees in accordance with Montana Code Annotated § 25-10-303, as this is an action for property damage arising out of the ownership, maintenance and use of a motor vehicle.

## PRAYER FOR RELIEF

Plaintiff prays judgment as follows:

1. For judgment in the amount to be proven at trial;

2. Interest at the legal rate from December 23, 2016 until payment;

3. Attorneys' fees and costs as allowed by law;

4. Any and all further relief the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

DATED this 30 day of May, 2018.

Attorneys for Plaintiff:

GARLINGTON, LOHN & ROBINSON, PLLP

By _____
Brian J. Smith